IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Lisa Fix, | ) CASE NO. 1:16 CV 1141 |
| | ) |
| Plaintiff, | ) |
| | ) JUDGE CHRISTOPHER A. BOYKO |
| v. | ) |
| | ) MAGISTRATE JUDGE |
| MetroHealth System, *et al.*, | ) WILLIAM H. BAUGHMAN, JR. |
| | ) |
| Defendants. | ) |
| | ) **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral, is the *pro se* complaint[1] of Lisa Fix asserting that her employer, MetroHealth System, and her previous supervisor, Deb Sparks, violated federal and state law during her employment. The court has subject matter jurisdiction over federal claims under 28 U.S.C. § 1331, with supplemental jurisdiction over related state law claims under 28 U.S.C. § 1367.

The defendants have answered the complaint[2] and filed a motion for judgment on the pleadings.[3] The plaintiff did not timely respond to the motion.

For the reasons that follow, I recommend that the defendants' motion for judgment

---

[1] ECF # 1.

[2] ECF # 7.

[3] ECF # 8.

on the pleadings be granted as to the federal claims. I also recommend state law claims should be dismissed without prejudice.

## Facts

Lisa Fix was employed, as a nurse, by MetroHealth Systems.[4] Her direct supervisor was Deb Sparks.[5]  During the course of her employment, which ended November 10, 2014,[6] she claims she was subject to various adverse employment actions and inter-actions beginning in October of 2013.[7]  In a fill-in-the-blank and check-the-box complaint form of unspecified origin, she asserts claims based on gender discrimination, age discrimination, disability discrimination, violence at the work place, libel, slander, and negligence tort law.[8]

On December 22, 2015, Fix filed a charge with the Equal Employment Opportunity Commission.[9] The EEOC dismissed the complaint on February 23, 2016, noting that the complaint was not timely filed.[10]

---

[4] ECF # 1 at 1.

[5] *Id.* at 2.

[6] ECF # 9 at 8.

[7] *See* ECF # 1.

[8] *Id.*

[9] *Id.* at 1.

[10] ECF # 1, Attachment # 1 (EEOC Response) at 1.

A.     **Standard of Review**

1.     ***Judgment on the pleadings***

The standard for adjudicating a motion for judgment on the pleadings has been set out by the Sixth Circuit as follows:

> A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure may be granted when the moving party "is entitled to judgment as a matter of law." When deciding such a motion, the district court must take all the "well-pleaded material allegations of the pleadings of the opposing party" as true.[11]

Moreover, in that regard, as was noted by Judge Katz of this Court in *Crist v. Pugin*,[12] while the district court considering a defendant's motion for judgment on the pleadings must construe the allegations of the complaint in the light most favorable to the plaintiff and accept the allegations as true, the court is under no obligation to accept as true the plaintiff's legal conclusions nor to make unwarranted factual inferences.[13]

B.     **Application of Standard**

Fix's factual statements amount to workplace disputes based upon personality and general operating disagreements. She does not allege that any of these disputes were motivated by gender discrimination, age discrimination, or disability discrimination. She alleges that she is female, was born in 1965, and has physical and mental impairments. She describes several disputes that resulted in disciplinary procedures regarding time

---

[11] *Rawe v. Liberty Mut. Fire Ins. Co*., 462 F.3d 521, 526 (6th Cir. 2006) (citation omitted).

[12] *Crist v. Pugin*, Case No. 3:08-cv-501, 2008 WL 2571229 (N.D. Ohio June 25, 2008).

[13] *Id.* at *1 (citations omitted).

clock procedures,[14] scheduling issues,[15] employee relations,[16] and operating procedure issues.[17] She also describes a poor workplace relationship with Sparks.[18] Even when viewing the asserted facts in the light most favorable to Fix, they do not amount to a federal cause of action for discrimination against Metro Hospital or Sparks.  Federal anti-discrimination statutes do not guarantee "utopian or even pleasant" workplaces[19] or establish a general civility code.[20]

Accordingly, construing the facts pled in the light most favorable to Fix the complaint fails to state a claim for violation of any of the federal anti-discrimination statutes specified.

The complaint also asserts state law claims based on workplace violence,  libel, slander, and negligence tort law. Should the federal claims be dismissed as recommended, the Court has the discretion under 28 U.S.C. § 1367(c)(3) to decline the exercise of supplemental jurisdiction over those state law claims.  I recommend that the Court exercise that discretion and dismiss those claims without prejudice to their presentation in

---

[14] ECF # 1, Attachment # 2, at 1 (October 13, 2014 incident).

[15] *Id.* at 2 (October 13, 2014 incident).

[16] *Id.* at 2-4 (October 16, 2014 incident).

[17] *Id.* at 4-5 (HIPPA violation incident of November 10, 2015).

[18] *Id.* at 5-7 (several instances where Fix and Sparks have disagreements).

[19] *Micheal v. Caterpillar Fin. Servs. Corp.,* 496 F.3d 584, 601 (6th Cir 2007)(quoting *Vore. v. Ind. Bell Tel. Co.,* 32 F.3d 1161, 1162 (7th Cir. 1994)).

[20] *Lott v. Havar Inc.,* No. 2:12-cv-608, 2013 WL 2468351, *8 (S.D. Ohio June 7, 2013).

state court.

Dated: July 29, 2016                    William H. Baughman, Jr.
                                        United States Magistrate Judge


## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[21]

---

[21] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).